UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

A.B.,

          Plaintiff,                Case No. 23-00023

v                                    Hon. Jane M. Beckering

KILIAN MANAGEMENT SERVICES, INC.,
a Wisconsin corporation; BRANDON PORTER,
an individual,

          Defendants.

| SALVATORE PRESCOTT PORTER & PORTER, PLLC | STARR, BUTLER & STONER, PLLC |
|---|---|
| Jennifer B. Salvatore (P66640) | Joseph A. Starr (P47253) |
| David L. Fegley (P85275) | Zeth D. Hearld (P79725) |
| Jessica Lieberman (P68957) | Attorneys for Kilian Management Services |
| Attorneys for Plaintiff | 20700 Civic Center Dr., Ste. 290 |
| 105 East Main St. | Southfield, MI  48076 |
| Northville, MI  48167 | (248) 554-2700 |
| (248) 679-8711 | jstarr@starrbutler.com |
| salvatore@sppplaw.com | zhearld@starrbutler.com |
| fegley@sppplaw.com | |
| lieberman@sppplaw.com | |

## DEFENDANT KILIAN MANAGEMENT SERVICE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND AND AFFIRMATIVE DEFENSES

Defendant, Kilian Management Services, Inc. ("Defendant"), through its attorneys, Starr, Butler & Stoner, PLLC, states as follows for its Answer to Plaintiff's First Amended Complaint ("Complaint"):

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff A.B. is a resident of Wisconsin who worked at a McDonald's franchise in Iron Mountain, Michigan located in the Western District of Michigan. The franchise is owned by Defendant Kilian Management Services.

**ANSWER: In response to Paragraph 1 of Plaintiff's Complaint, Defendant KMS upon**

{00116292.DOCX}

**information and belief admits that Plaintiff is a resident of Wisconsin. Defendant admits that the franchise that Plaintiff worked is owned by Defendant KMS and located in Iron Mountain, MI.**

2.    Defendant Kilian Management Services, Inc., is a Wisconsin corporation with its principal place of business in West Bend, Wisconsin. Defendant Kilian owns and operates franchises throughout Michigan's Upper Peninsula and Wisconsin.

**ANSWER: In response to Paragraph 2 of Plaintiff's Complaint, Defendant KMS admits the allegations contained therein.**

3.    Defendant Brandon Porter is an individual who, at all relevant times resided in the Upper Peninsula of Michigan within the Western District and worked as an employee of Defendant Kilian Management Services, Inc. and Plaintiff's supervisor.

**ANSWER: In response to Paragraph 3 of Plaintiff's Complaint, Defendant KMS admits that it previously employed Defendant Porter. Defendant KMS neither admits nor denies that Porter is a resident of the Upper Peninsula of Michigan for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs. Defendant KMS denies the remaining allegations contained therein for the reason that said allegations are untrue.**

4.    The alleged violations forming the basis of this action occurred in Dickinson County, Michigan, which is within the Western District of Michigan.

**ANSWER: In response to Paragraph 4 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations**

constitute conclusions of law and thus fail to conform to the requirements of Fed. R. Civ. P. 8. Answering further, Defendant KMS denies the alleged violations or that it has any liability thereto.

5.      Claims in this action are for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act, MCL § 37.2101 et seq., negligent hiring, and for assault and battery under Michigan law.

**ANSWER: In response to Paragraph 5 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8. Answering further, Defendant KMS denies any liability thereto or that Plaintiff is entitled to any damages.**

6.      This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

**ANSWER: In response to Paragraph 6 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8.**

7.      Venue is appropriate under 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in this District.

**ANSWER: In response to Paragraph 7 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations**

constitute conclusions of law and therefore fail to conform to the requirements Fed R. Civ.

P. 8.

## <u>GENERAL ALLEGATIONS</u>

8.     This case involves the sexual harassment and assault of a sixteen-year-old girl employed in her first job at McDonald's. She was harassed and assaulted by a thirty-six-year-old man who was hired to be her supervisor. The assault and harassment occurred at work in full view of other supervisory personnel.

**ANSWER: In response to Paragraph 8 of Plaintiff's Complaint, Defendant KMS admits that Plaintiff alleges sexual harassment and assault claims, which were allegedly committed by an older male in the workplace, but denies any liability thereto. Defendant KMS neither admits nor denies that it was Plaintiff's first job for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs. Defendant KMS denies the remaining allegations contained therein for the reason that said allegations are untrue.**

9.     Plaintiff A.B. was sixteen years old when, in October of 2021, she began working at the McDonald's restaurant in Iron Mountain, Michigan. This McDonald's franchise is owned by Defendant Kilian Management Services ("Kilian").

**ANSWER: In response to Paragraph 9 of Plaintiff's Complaint, Defendant KMS admits the allegations contained therein.**

10.     Plaintiff has a history of social anxiety, due to which she began homeschooling during the ninth grade.

**ANSWER: In response to Paragraph 10 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

11.    Plaintiff was a strong student and was invited to join the National Honors Society due to her academic achievement.

**ANSWER: In response to Paragraph 11 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

12.    The McDonald's position was Plaintiff's first job and, until the incidents in question, she greatly enjoyed it, getting along well with her coworkers and management.

**ANSWER: In response to Paragraph 12 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

13.    Plaintiff's social anxiety began to subside over the first several months of her employment there.

**ANSWER: In response to Paragraph 13 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

14.    On or around February 21, 2022, Defendant Brandon Porter applied for a job at the Iron Mountain, Michigan McDonald's restaurant where Plaintiff worked.

**ANSWER: In response to Paragraph 14 of Plaintiff's Complaint, Defendant KMS admits the allegations contained therein.**

15.    Following an in-person interview, Defendant Kilian Management Services used BackgroundChecks.Com to run a background check on Brandon Porter.

**ANSWER: In response to Paragraph 15 of Plaintiff's Complaint, Defendant KMS admits the allegations contained therein.**

16.    The background check yielded a result showing no criminal history and Porter was offered, and accepted, a position as a crew member at the Iron Mountain, Michigan McDonald's.

**ANSWER: In response to Paragraph 16 of Plaintiff's Complaint, Defendant KMS admits the allegations contained therein.**

17.    But the background check performed on Mr. Porter was deeply flawed, as Defendant Kilian knew or should have known.

**ANSWER: In response to Paragraph 17 of Plaintiff's Complaint, Defendant KMS denies the background check performed on Mr. Porter was deeply flawed for the reason that said allegation is untrue. Defendant KMS neither admits nor denies the remaining allegations contained therein for the reason that said allegations are too vague and ambiguous as to permit a response. To the extent further answer is required, denied as untrue.**

18.    As staffing shortages were rampant and Kilian's was struggling to maintain a work force, Kilian opted to use BackgroundCheck.com's "US OneSearch" product to receive instant results which expedited the hiring process–even though the public-facing product page for "US

OneSearch" expressly warns users that it does not include any local county court records.

**ANSWER: In response to Paragraph 18 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

19.     And BackgroundCheck.Com's public coverage map webpage expressly warns users in red ink that for Dickinson County, where the Iron Mountain McDonald's is located, "[w]e do not have sufficient records for this county in our database. We recommend that you add a traditional, direct county courthouse search."

**ANSWER: In response to Paragraph 19 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

20.     Yet Defendant Kilian did not conduct any traditional, direct county courthouse searches when it ran a background check on Mr. Porter, despite knowing that Porter would be working alongside teenagers and high school students, if hired.

**ANSWER: In response to Paragraph 20 of Plaintiff's Complaint, Defendant KMS admits it did not perform any "direct county courthouse searches" when it performed a background check on Porter and that it was possible Porter would work with teenagers and/or high school students if hired. Answering further, Defendant KMS was not obligated to perform such a search nor did it have any reason to believe same was necessary.**

21.     Instead, it utilized the flawed "US Onesearch"--which returned "instant" background check reports literally in seconds. This choice allowed employees like Porter to be hired the same day they were interviewed.

**ANSWER: In response to Paragraph 21 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

22.     Had Defendant Kilian conducted a proper background check, it would have learned of Mr. Porter's extensive and escalating criminal history, including three domestic violence/assault convictions, a malicious destruction of a building conviction and a drunk and disorderly conduct and a drunk and disorderly conduct charge related to an incident from just two months prior.

**ANSWER: In response to Paragraph 22 of Plaintiff's Complaint, Defendant KMS denies that it did not conduct a "proper background check" for the reason that said allegations are untrue. Defendant KMS neither admits nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

23.     Indeed, unbeknownst to Kilian, Porter was in the local courthouse pleading guilty to a drunk and disorderly conduct charge on the same day that he began his first shift at McDonald's.

**ANSWER: In response to Paragraph 23 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof.**

24.     Willfully ignorant then of Porter's criminal history, Defendant Kilian hired Porter as a crew member.

**ANSWER: In response to Paragraph 24 of Plaintiff's Complaint, Defendant KMS admits it**

hired Porter as a crew member. **Defendant KMS denies the remaining allegations contained therein for the reason that said allegations are untrue.**

25.    On or around February 25, 2022, Plaintiff began working with Defendant Brandon Porter.

**ANSWER: In response to Paragraph 25 of Plaintiff's Complaint, Defendant KMS upon information and belief admits the allegations contained therein.**

26.    Within a few weeks, Porter was placed on a managerial track, where he was given supervisory authority and responsibilities over his co-workers, many of whom were teenagers or young adults.

**ANSWER: In response to Paragraph 26 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

27.    Kilian hired Porter to supervise minors, despite the fact that he had been in and out of court for domestic violence, assault, and various alcohol-related offenses for over a decade.

**ANSWER: In response to Paragraph 27 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

28.    While he was still in training as a manager, Defendant Porter immediately presented himself to A.B. and her coworkers as being in charge, calling himself their manager and telling other employees that they had to listen to him.

**ANSWER: In response to Paragraph 28 of Plaintiff's Complaint, Defendant KMS denies that Porter was in training to become a manager for the reason that said allegation is untrue.**

**Defendant KMS neither admits nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof.**

29.     Even during his training, Porter controlled many aspects of the employees' routines, such as what position they worked at and whether or when they could eat meals during their shift.

**ANSWER: In response to Paragraph 29 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

30.     Almost as soon as he met A.B, Mr. Porter began making sexually suggestive comments to her, including telling her that he wished she were 18 years old.

**ANSWER: In response to Paragraph 30 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

31.     A.B. immediately reported Porter's comments to her manager, A.R., who was responsible for training Porter.

**ANSWER: In response to Paragraph 31 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

32.     Porter also directed sexual comments at another minor employee, referred to herein as Jane Doe.

**ANSWER: In response to Paragraph 32 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter. Answering further Defendant**

**KMS is not aware of any reports of Porter directing "sexual comments" to unidentified minor employee Jane Doe.**

33.    On or around March 23, 2022, Jane Doe and A.B. were in the cooler at work discussing Porter's inappropriate conduct. Jane Doe informed A.B. that she had also reported Mr. Porter's conduct to A.R.

**ANSWER: In response to Paragraph 33 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

34.    Although two employees reported Mr. Porter's sexual harassment to her, A.R. took no action in response to A.B.'s and Jane Doe's reports.

**ANSWER: In response to Paragraph 34 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

35.    On the contrary, A.R. continued to train Porter as a manager.

**ANSWER: In response to Paragraph 35 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

36.    A.B. and her coworkers observed as A.R. trained Porter to "do everything up front" – an area of the restaurant requiring managerial oversight.

**ANSWER: In response to Paragraph 36 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

37.    Moreover, after A.B.'s report to A.R., she observed Porter informing other employees at various times that he was "in charge," that he had a bigger role than another employee, and thus that he didn't "have to listen" to her.

**ANSWER: In response to Paragraph 37 of Plaintiff's Complaint, Defendant KMS denies that Plaintiff made any reports to A.R. or any other management level employees prior to March 29, 2022, or that Defendant Porter was "in charge" for the reason that said allegations are untrue. Defendant KMS neither admits nor denies the remaining allegations contained therein for lack of knowledge or sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

38.    On or around March 28, 2022, A.B. was at work and preparing to have her dinner. She required a manager's thumbprint at the cash register to complete her purchase.

**ANSWER: In response to Paragraph 38 of Plaintiff's Complaint, Defendant KMS admits that a manager's thumbprint is necessary to open the register, and that Plaintiff A.B. worked on March 28, 2022. Defendant KMS neither admits nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

39.    Mr. Porter walked up to provide his thumbprint – something only managers or managers-in-training have authority to do. As he did so, Porter stated to A.B., "I would like to finger you, but because of your age I can't, so right now I'll just give you a thumb."

**ANSWER: In response to Paragraph 39 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

40.     A.B. was very distressed by Porter's overtly sexual comment.

**ANSWER: In response to Paragraph 40 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

41.     The following day, March 29, 2022, Mr. Porter sexually assaulted A.B. at work.

**ANSWER: In response to Paragraph 41 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

42.     Present on site were A.B., Jane Doe, two other employees (one of whom was also training as a manager), and manager A.R.

**ANSWER: In response to Paragraph 42 of Plaintiff's Complaint, Defendant KMS admits that in addition to Porter, Plaintiff, assistant manager A.R., and other employees were present at the job site on March 29, 2022. Defendant KMS neither admits nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

43.     Shortly after A.B. began her shift, Porter proceeded to touch her body without her consent, rubbing her arms, shoulders, and lower back, grabbing her around the hips, and pulling on her shirt to untuck it.

**ANSWER: In response to Paragraph 43 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

44.    A.B. repeatedly asked Porter to stop and tried to get away from him, but he followed her around the facility, continuing to touch her and pressing his body against hers including pushing his penis against her.

**ANSWER: In response to Paragraph 44 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

45.    Porter repeatedly asked A.B. to go into the back with him, telling her that she would "enjoy" it and that he would make her feel "happier" and "better."

**ANSWER: In response to Paragraph 45 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

46.    This conduct—unwanted touching and comments—went on for two hours.

**ANSWER: In response to Paragraph 46 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

47.    For the duration of this time, manager A.R. was present, as was another manager-in-training.

**ANSWER: In response to Paragraph 47 of Plaintiff's Complaint, Defendant KMS admits A.R., an assistant manager, was present in the workplace with other employees. Defendant KMS denies the remaining allegations contained therein for the reason that said allegations are untrue.**

48.    Both A.R. and the other manager-in-training witnessed the assault and harassment as they were occurring.

**ANSWER: In response to Paragraph 48 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

49.    In fact, A.R. had almost immediate knowledge that Porter was behaving in a grossly inappropriate way when at the beginning of his shift, he told A.R. that she should "flick [A.B.'s] bean" a crude suggestion that Porter wanted A.R. (his manager) to masturbate the teenage A.B.

**ANSWER: In response to Paragraph 49 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent further answer is required, denied as untrue.**

50.    A.R. did not send Porter home after this comment. Instead, A.R. repeatedly lamented to A.B. and to Jane Doe that she had no idea what to do in response to Porter's conduct.

**ANSWER: In response to Paragraph 50 of Plaintiff's Complaint, Defendant KMS admits A.R. did not sent Porter home after the alleged comment. Defendant KMS denies the remaining allegations contained therein for the reason that said allegations are untrue.**

51.    A.R. failed to take any effective steps to make Porter stop.

**ANSWER: In response to Paragraph 51 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

52.    Due to A.R.'s failure to take effective steps or actions, Porter continued to sexually harass and assault A.B. in this manner.

**ANSWER: In response to Paragraph 52 of Plaintiff's Complaint, Defendant KMS neither admits nor denies that Porter sexually harassed and assaulted A.B. for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter. Defendant KMS denies the remaining allegations contained therein for the reason that said allegations are untrue.**

53.    The harassment and assault continued until Jane Doe – whose father is a local undersheriff – called her family for help.

**ANSWER: In response to Paragraph 53 of Plaintiff's Complaint, Defendant KMS admits Jane Doe contacted her family and that her father is or was a local undersheriff. Defendant KMS denies the remaining allegations contained therein for the reason that said allegations are untrue.**

54.    Porter only stopped assaulting and harassing A.B. when the police arrived.

**ANSWER: In response to Paragraph 54 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter. Answering further, Porter had already left the restaurant by the time police arrived.**

55.    The moment the police arrived, A.B. retreated to the bathroom, falling to the floor in a panicked state and laboring to breathe. Indeed, A.B. had a full-blown panic attack as a result of Porter's conduct–experiencing physical symptoms such as an inability to breathe.

**ANSWER: In response to Paragraph 55 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

56.     After some time passed, an officer retrieved the emergency contact number A.B. had on file and contacted A.B.'s father, J.B.

**ANSWER: In response to Paragraph 56 of Plaintiff's Complaint, Defendant KMS admits that Plaintiff's father, J.B. was contacted. Defendant KMS neither admit nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof.**

57.     A.B. remained on the bathroom floor until an officer encouraged her to come out of the bathroom and attempted to calm her as she awaited her parents' arrival.

**ANSWER: In response to Paragraph 57 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

58.     The police subsequently determined that Mr. Porter was under the influence of drugs and/or alcohol on the evening of the assault.

**ANSWER: In response to Paragraph 58 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

59.    Within minutes of arriving at the scene, police also ran a LEIN/NCIC search via dispatch and confirmed that Mr. Porter was, per the police report, "still on bond through our county" related to his recent drunk and disorderly conduct offense.

**ANSWER: In response to Paragraph 59 of Plaintiff's Complaint, Defendant KMS admits that Defendant Porter was out on bond, unbeknownst to Defendant KMS. Defendant KMS neither admits nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

60.    Porter was questioned, at which time he informed the police that he had been working as a manager at Defendant's establishment during the events in question.

**ANSWER: In response to Paragraph 60 of Plaintiff's Complaint, Defendant KMS denies that Porter was working as a manager for the reason that said allegations are untrue. Defendant KMS neither admits nor denies the remaining allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

61.    On or around March 30, 2022, the day after the above incident, A.B.'s father, J.B., contacted Defendant Kilian to discuss the incident and to find out whether a background check had been run on Defendant Porter.

**ANSWER: In response to Paragraph 61 of Plaintiff's Complaint, Defendant KMS admits the allegations contained therein.**

62.     J.B. was informed by Kilian employee Kristin D'Agostino (the person who had originally hired A.B.) that she had personally conducted Porter's background check.

**ANSWER: In response to Paragraph 62 of Plaintiff's Complaint, Defendant KMS admits that D'Agostino was an employee of Defendant KMS and that she conducted some aspects of Defendant Porter's background check. Defendant neither admits nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

63.     On the following day, a Kilian's HR representative told J.B. that she did not know how Porter "fell through the cracks" when Kilian hired him.

**ANSWER: In response to Paragraph 63 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

64.     Mr. Porter was subsequently charged with criminal sexual conduct. Via a plea deal he was convicted of aggravated assault in Dickinson County.

**ANSWER: In response to Paragraph 64 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

65.     On July 11, 2022, the sentencing judge, Julie A. LaCost, admonished Mr. Porter for assaulting and harassing the minor employees over whom he had been placed in charge.

**ANSWER: In response to Paragraph 65 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

66.     Judge LaCost noted that Porter had been, "taken out of the criminal sexual conduct realm by the plea agreement that was entered into, and this was filed, refiled, or transferred to an aggravated assault."

**ANSWER: In response to Paragraph 66 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

67.     The judge went on, "So you're not going to be required to be registering [on the sex offender registry], which is a huge benefit for you. No employer likes to see that. But as I look at this, Mr. Porter, I see an OUIL in '07, that's what, fifteen years ago, you were twenty-one years old, and it's been nonstop since then with three domestic violences, I'm fairly certain that alcohol was probably involved in those… So, Mr. Porter, something's got to change or you're going to find yourself in prison or worse, I don't know. What's it going to take? Wiping out a whole family? This isn't devastating enough to do this to two young girls that were not just young women but under your employ. You were their role model. You were their supervisor. You were the position of authority. You've ruined that. You've destroyed that trust. Own it. Wear it. Change it. That's all I can say."

**ANSWER: In response to Paragraph 67 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

68.     The Judge sentenced Mr. Porter to 180 days in jail.

**ANSWER: In response to Paragraph 68 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are**

**not directed to Defendant KMS but rather Defendant Porter.**

69.    Mr. Porter's conduct would be highly distressing to any woman but was even more so to A.B., a sixteen-year-old girl with a history of social anxiety.

**ANSWER: In response to Paragraph 69 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

70.    In fact, A.B.'s parents had encouraged Plaintiff to work at McDonald's hoping that it would help her anxiety by providing her an opportunity to engage with others in a positive environment.

**ANSWER: In response to Paragraph 70 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

71.    Up until the events in question, the job was a good experience for A.B.

**ANSWER: In response to Paragraph 70 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

72.    Never could A.B.'s parents have anticipated that their daughter would be sexually assaulted at work – no less by a 36-year-old man hired as a manager despite being in and out of court on domestic violence and other charges.

**ANSWER: In response to Paragraph 72 of Plaintiff's Complaint, Defendant KMS neither admits nor denies that Plaintiff was sexually assaulted at work for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8. Defendant KMS denies that Porter was hired as a manager for the reason that said allegation is untrue. Defendant KMS neither admits nor denies the remaining allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs. Answering further, Defendant KMS performed a background check on Porter which did not reveal any criminal history.**

73.    As a result of Kilian's conduct, A.B. experienced difficulty sleeping, concentrating on school, and performing normal tasks of daily living.

**ANSWER: In response to Paragraph 73 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations re untrue.**

74.    In the aftermath of the March 29, 2022 assault, A.B. suffered from haunting nightmares and repeated panic attacks where she felt she couldn't breathe or move.

**ANSWER: In response to Paragraph 74 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

75.    Approximately two months after the incident, Plaintiff had to go to urgent care due to brain fog and memory issues; her panic attacks were so severe at the time that one day she woke up and couldn't remember anything.

**ANSWER: In response to Paragraph 75 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

76.     She also suffered multiple panic attacks while working at her subsequent job months later; once because she saw a customer who resembled Mr. Porter and once because she saw one of her former co-workers from McDonald's.

**ANSWER: In response to Paragraph 76 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

77.     A National Honor Society member, A.B. fell behind academically.

**ANSWER: In response to Paragraph 77 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

78.     She also was unable to maintain subsequent employment where she had to work around or with men.

**ANSWER: In response to Paragraph 78 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

79.     To alleviate her physical symptoms of anxiety and PTSD, A.B. was prescribed Ativan for the first time in her life and has regularly been seeing a counselor.

**ANSWER: In response to Paragraph 79 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

80.    A.B.'s emotional distress and physical health issues stemming from the assault has been extreme and ongoing.

**ANSWER: In response to Paragraph 80 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.**

81.    Despite the significant harm done to A.B. and another female minor employee, and even in the face of litigation and publicity over its flawed background check process, Kilian failed to address the obvious flaws in its hiring process. To date, Kilian continues to use BackgroundChecks.com as its exclusive background checks vendor.

**ANSWER: In response to Paragraph 81 of Plaintiff's Complaint, Defendant KMS admits it uses backgroundchecks.com to perform background checks. Defendant KMS neither admits nor denies the remaining allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8.**

82.    Kilian HR personnel testified that the Company has not investigated alternative vendors, nor has it supplemented its current approach to include county courthouse searches for criminal records of prospective employees.

**ANSWER: In response to Paragraph 82 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that the "Kilian HR personnel['s]" testimony speaks for itself.**

83.     As such, Kilian continues to willfully ignore whether it is employing at its dozens of locations individuals with violent criminal histories.

**ANSWER: In response to Paragraph 83 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

<u>**COUNT I**</u>
**TITLE VII**
**SEX DISCRIMINATION - HOSTILE WORK ENVIRONMENT**
**(Against Defendant Kilian Management Services, Inc.)**

84.     Plaintiff hereby incorporates all preceding paragraphs.

**ANSWER:    In response to Paragraph 84 of Plaintiff's First Amended Complaint, Defendant KMS incorporates and re-alleges each and every answer stated in all preceding Paragraphs as if fully stated and set forth herein.**

85.     Plaintiff is a member of a protected group and was subjected, based on her sex, to unwelcome sexual communications and conduct based on gender.

**ANSWER: In response to Paragraph 85 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8.**

86.    Mr. Porter's sexual and gendered communications were severe and pervasive, substantially interfered with Plaintiff's employment, and created a hostile and offensive work environment.

**ANSWER: In response to Paragraph 86 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter. To the extent the allegations are directed to Defendant KMS, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

87.    The hostile work environment was created by a supervisory employee and, therefore, Defendant Kilian Management Services is vicariously liable for the conduct, regardless of whether Kilian had knowledge of the harassment.

**ANSWER: In response to Paragraph 87 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

88.    Nonetheless, Defendant Kilian Management Services knew or should have known of Defendant Porter's discriminatory conduct, because it was reported to management multiple times and because of Porter's criminal background, which Kilian apparently failed to investigate prior to hiring him.

**ANSWER: In response to Paragraph 88 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

89.    As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages including lost wages and benefits, mental anguish, physical and emotional distress,

humiliation, and embarrassment.

**ANSWER: In response to Paragraph 89 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

90.    Plaintiff filed a charge with the EEOC and on January 20, 2023 received a right to sue letter from the Agency, allowing her to bring suit under Title VII.

**ANSWER: In response to Paragraph 90 of Plaintiff's Complaint, Defendant KMS admits Plaintiff filed a charge with the EEOC and that she received a right to sue letter from the EEOC. Defendant KMS neither admits nor denies the remaining allegations contained therein for the reason that said allegations constitute legal conclusions and therefore fail to conform the requirements of Fed. R. Civ. P. 8.**

<u>COUNT II</u>
ELLIOTT-LARSEN CIVIL RIGHTS ACT
SEX DISCRIMINATION - HOSTILE WORK ENVIRONMENT
(Against Defendants Kilian Management Services, Inc., and Brandon Porter)

91.    Plaintiff hereby incorporates all preceding paragraphs.

**ANSWER:    In response to Paragraph 91 of Plaintiff's First Amended Complaint, Defendant KMS incorporates and re-alleges each and every answer stated in all preceding Paragraphs as if fully stated and set forth herein.**

92.    Plaintiff was an employee of Defendant Kilian Management Services and was covered by and within the meaning of the Elliott-Larsen Civil Rights Act.

**ANSWER: In response to Paragraph 92 of Plaintiff's Complaint, Defendant KMS admits it employed Plaintiff. Defendant KMS neither admits nor denies the remaining allegations contained therein for the reason that said allegations constitute conclusions of law and**

therefore fail to conform to the requirements of Fed. R. Civ. P. 8.

93.    Plaintiff was subjected to conduct of an offensive and overtly sexual nature when she was harassed by Defendant Porter, a supervisory employee with and agent of Defendant Kilian Management Services.

**ANSWER: In response to Paragraph 93 of Plaintiff's Complaint, Defendant KMS denies that Porter was a supervisory employee for the reason that said allegations are untrue. Defendant KMS neither admits nor denies that Porter was its agent for the reason that said allegation constitutes a conclusion of law and therefore fails to conform to the requirements of Fed. R. Civ. P. 8. Defendant KMS neither admits nor denies the remaining allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

94.    Defendant Porter's conduct was unwelcome; and it was specifically on the basis of Plaintiff's sex and/or was sexual in nature. The conduct was sufficiently severe that it constituted a hostile work environment.

**ANSWER: In response to Paragraph 94 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegation that Porter's conduct was unwelcome and that it was specifically on the basis of Plaintiff's sex and/or was sexual in nature for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter. Defendant KMS denies the remaining allegations contained therein for the reason that said allegation is untrue.**

95.     Defendant Porter's conduct constitutes sex harassment in violation of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2701 et seq.

**ANSWER: In response to Paragraph 95 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

96.     Defendant Kilian Management Services was on notice of Defendant Porter's discriminatory conduct because it was reported to management by two employees and because of his criminal background which included, among other things, alleged incidents of domestic violence—of which Kilian knew or should have known.

**ANSWER: In response to Paragraph 96 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

97.     The actions of the Defendants and their agents were negligent or intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER: In response to Paragraph 97 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

98.     As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected.

**ANSWER: In response to Paragraph 98 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

99.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages including lost wages and benefits, mental anguish, physical and emotional distress, humiliation, and embarrassment.

**ANSWER: In response to Paragraph 99 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

## COUNT III
## ASSAULT AND BATTERY
### (Against Defendant Brandon Porter)

100.    Plaintiff hereby incorporates all preceding paragraphs.

**ANSWER:    In response to Paragraph 100 of Plaintiff's First Amended Complaint, Defendant KMS incorporates and re-alleges each and every answer stated in all preceding Paragraphs as if fully stated and set forth herein.**

101.    Defendant Porter subjected Plaintiff to a well-founded apprehension of unwanted imminent contact, coupled with the apparent present ability to accomplish the contact.

**ANSWER: In response to Paragraph 101 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

102.    Defendant Porter subjected Plaintiff to willful and harmful or offensive touching as set forth above.

**ANSWER: In response to Paragraph 102 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

103.    The touching resulted from acts intended to cause such contact.

**ANSWER: In response to Paragraph 103 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

104.    Plaintiff did not consent to this willful, harmful, and offensive touching.

**ANSWER: In response to Paragraph 104 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

105.    Indeed, prior to his sentencing on July 11, 2022, Defendant Porter pled guilty to criminal aggravated assault, the elements of which are: 1) an assault, 2) without a weapon, 3) a battery causing serious or aggravated injury, and 4) a specific intent to injure or put the victim in reasonable fear of an immediate battery. Therefore, liability on the civil assault claim has already been established by virtue of his plea on this criminal offense stemming from the same facts.

**ANSWER: In response to Paragraph 105 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

106.    As a direct and proximate result of Defendant Porter's actions, Plaintiff has sustained injuries and damages including, but not limited to, mental and emotional distress and physical health issues, including anxiety, fear, stress, shock, mental anguish, self-blame, humiliation, embarrassment, loss of the sense of security, and the loss of the ordinary pleasures of everyday life.

**ANSWER: In response to Paragraph 106 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations are not directed to Defendant KMS but rather Defendant Porter.**

<u>**COUNT IV**</u>
**NEGLIGENT HIRING**
**(Against Defendant Kilian Management Services, Inc.)**

107.    Plaintiff hereby incorporates all preceding paragraphs.

**ANSWER:    In response to Paragraph 107 of Plaintiff's First Amended Complaint, Defendant KMS incorporates and re-alleges each and every answer stated in all preceding Paragraphs as if fully stated and set forth herein.**

108.    Defendant Kilian Management Services, Inc. had a duty to exercise reasonable care in the hiring of its employees.

**ANSWER: In response to Paragraph 108 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent further answer is required, denied as untrue.**

109.    That duty was heightened in this case, given the employer-employee "special relationship" between Plaintiff and Defendant, and the fact that as a 16-year-old minor, Plaintiff was particularly vulnerable to unwanted sexual advances and harassment.

**ANSWER: In response to Paragraph 109 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R.**

**Civ. P. 8. To the extent further answer is required, denied as untrue.**

110.     Defendant knew of this special duty and was well aware that its workforce skewed young; Defendant's workforce included a significant number of high school students and other teenagers.

**ANSWER: In response to Paragraph 110 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent further answer is required, denied as untrue.**

111.     Likewise, Defendant was on notice of the problem of sexual harassment amongst the McDonald's workforce: The McDonald's corporate headquarters had recently unveiled nationwide standards and procedures intended to combat the epidemic of workplace sexual harassment that was rampant in its restaurants.

**ANSWER: In response to Paragraph 111 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent further answer is required, denied as untrue.**

112.     Defendant breached its duty to Plaintiff when it hired Brandon Porter.

**ANSWER: In response to Paragraph 108 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8. To the extent further answer is required, denied as untrue.**

113.    Defendant's cursory "background check" of Mr. Porter was performed in willful and reckless disregard of the fact that the "US OneSearch" product it was utilizing for "instant" background checks was advertised as not including criminal records from the very counties where Kilian's businesses were located.

**ANSWER: In response to Paragraph 113 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

114.    Defendant knowingly ignored the background check vendor's prominent warnings that the search, which did not include any county courthouse records, was insufficient.

**ANSWER: In response to Paragraph 114 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

115.    When Defendant Kilian hired Brandon Porter, it knew or should have known that he had a propensity for violence and alcohol abuse and a criminal record demonstrating a history of violence.

**ANSWER: In response to Paragraph 115 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

116.    Defendant Kilian knew or should have known that given Porter's history of violence and violent propensity, he was prone to harass and/or assault fellow employees.

**ANSWER: In response to Paragraph 116 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

117.    Given his criminal history and, specifically, his three domestic violence convictions, Porter was unfit to work with vulnerable young co-workers.

**ANSWER: In response to Paragraph 117 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to its proofs.**

118.    A reasonable employer would not have hired Porter, recognizing that he would create an unreasonable risk of harm to others.

**ANSWER: In response to Paragraph 118 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8.**

119.    The injuries that Plaintiff ultimately suffered would have been foreseeable to a person of ordinary prudence in the employer's position.

**ANSWER: In response to Paragraph 119 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

120.    As a direct and proximate result of Defendant's conduct in hiring Porter, Plaintiff has sustained damages including lost wages and benefits, mental anguish, physical and emotional distress, humiliation, and embarrassment.

**ANSWER: In response to Paragraph 120 of Plaintiff's Complaint, Defendant KMS denies the allegations contained therein for the reason that said allegations are untrue.**

121.     To date, Defendant Kilian continues to employ the same insufficient background check procedures on new prospective employees, further demonstrating that its conduct is deliberate and/or intentional.

**ANSWER: In response to Paragraph 121 of Plaintiff's Complaint, Defendant KMS neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law and therefore fail to conform to the requirements of Fed. R. Civ. P. 8.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint in its entirety and award costs, including attorney fees, as the premises permit, to Defendant.

Respectfully submitted,

STARR, BUTLER & STONER, PLLC

By:      s/ Zeth D. Hearld
         Joseph A. Starr (P47253)
         Zeth D. Hearld (P79725)
         Attorneys for Kilian Management Services, Inc.
         20700 Civic Center Dr., Ste. 290
         Southfield, MI  48076
         (248) 554-2700
         jstarr@starrbutler.com
         zhearld@starrbutler.com

Dated:  February 8, 2024

## DEFENDANT'S LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND

Defendant Kilian Management Services, Inc. ("Defendant"), through its attorneys, Starr, Butler & Stoner, PLLC, hereby states limited reliance upon the jury demand previously made herein and, further, hereby demands a jury trial as to all legal claims and defenses at issue in this litigation, with the exception of any and all claims that sound in equity or which in the underlying matter, intrinsically involve issues of law for the trial judge to decide and which, therefore, are

properly triable only by the judge assigned to this case.

Respectfully submitted,

STARR, BUTLER & STONER, PLLC

By:  s/ Zeth D. Hearld
Joseph A. Starr (P47253)
Zeth D. Hearld (P79725)
Attorneys for Defendant Kilian Management
Services, Inc. Only
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
jstarr@starrbutler.com
zhearld@starrbutler.com

Dated:  February 8, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

A.B., by her next friend and parent, J.B.,

        Plaintiff,                   Case No. 23-00023

v                                    Hon. Jane M. Beckering

KILIAN MANAGEMENT SERVICES, INC.,
a Wisconsin corporation; BRANDON PORTER,
an individual,

        Defendants.

| SALVATORE PRESCOTT PORTER & PORTER, PLLC | STARR, BUTLER & STONER, PLLC |
|---|---|
| Jennifer B. Salvatore (P66640) | Joseph A. Starr (P47253) |
| David L. Fegley (P85275) | Zeth D. Hearld (P79725) |
| Jessica Lieberman (P68957) | Attorneys for Kilian Management Services |
| Attorneys for Plaintiff | 20700 Civic Center Dr., Ste. 290 |
| 105 East Main St. | Southfield, MI  48076 |
| Northville, MI  48167 | (248) 554-2700 |
| (248) 679-8711 | jstarr@starrbutler.com |
| salvatore@sppplaw.com | zhearld@starrbutler.com |
| fegley@sppplaw.com | |
| lieberman@sppplaw.com | |

## **DEFENDANT'S FIRST AMENDED AFFIRMATIVE DEFENSES**

    Defendant, Kilian Management Services, Inc. ("Defendant" or "KMS"), through its attorneys, Starr, Butler & Stoner, PLLC, states as follows for its First Amended Affirmative Defenses to the allegations in Plaintiff's First Amended Complaint:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2. No genuine issue of material fact exists and Defendant KMS is entitled to summary judgment as a matter of law.

{00116292.DOCX}

3. Plaintiff's claims, in whole or in part, are barred based on Plaintiff's failure to exhaust all contractual remedies, administrative remedies, and/or internal remedies.

4. Plaintiff's claims, in whole or in part, are barred by her negligence, contributory negligence, and/or comparative negligence.

5. Plaintiff's claims, in whole or in part, are barred by the after acquired evidence doctrine.

6. Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations and/or jurisdictional prerequisites.

7. Plaintiff has failed to mitigate her damages, entitlement to which is expressly denied.

8. Plaintiff's claims for physical, mental or emotional damages and lost wages, in whole or in part, are barred by the exclusive remedy provisions of the Michigan Workers' Disability Compensation Act, MCL §418.101, *et seq.*; MSA §17.237(101), *et seq.*

9. Plaintiff's claims, in whole or in part, are barred because a) Defendant KMS investigated and/or exercised reasonable care to prevent and promptly correct any misconduct in the workplace and/or b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant KMS or to otherwise avoid the alleged harms.

10. Defendant KMS did not cause any injuries to Plaintiff.

11. Defendant acted at all times within the bounds of good faith and for legitimate, non-discriminatory business reasons.

12. Plaintiff's Complaint, in whole or in part, fails because Defendant KMS did not have actual knowledge of any alleged harassment until after the fact, nor did it act with deliberate indifference.

13. Plaintiff's claims and/or alleged damages, in whole or in part, against Defendant KMS are barred because Defendant KMS was not the cause-in-fact or proximate cause of any harm or damage Plaintiff alleges.

14. Defendant KMS did not owe any duties, legal or otherwise, to Plaintiff.

15. To the extent Defendant KMS owed Plaintiff any duties, Defendant KMS adhered to the standard of care applicable to similar situated persons.

16. The alleged acts of Defendant Porter were outside the scope of his employment and/or were not reasonably foreseeable.

17. Plaintiff's request for exemplary/punitive damages is barred because the legal and/or factual bases for her claims against KMS do not permit the recovery of same.

18. Plaintiff's claim for injunctive relief is barred because Plaintiff will not suffer an irreparable injury if the Court does not grant an injunction and/or Plaintiff has failed to make a particularized showing of irreparable harm.

19. Plaintiff's claim for injunctive relief is barred because Plaintiff's alleged harm does not outweigh the harm that will be caused to Defendant if the Court grants the injunction.

20. Plaintiff's claim for injunctive relief is barred because the injunction is not in the public interest.

21. Plaintiff's claim for injunctive relief is barred because adequate remedies at law exist.

22. Defendant KMS reserves the right to add additional affirmative defenses as may be learned in the course of discovery or otherwise.

Respectfully submitted,

STARR, BUTLER & STONER, PLLC

By:     s/ Zeth D. Hearld
        Joseph A. Starr (P47253)
        Zeth D. Hearld (P79725)
        Attorneys for Defendant Kilian Management
        Services, Only
        20700 Civic Center Dr., Ste. 290
        Southfield, MI 48076
        (248) 554-2700
        jstarr@starrbutler.com
        zhearld@starrbutler.com

Dated:  February 8, 2024

## CERTIFICATE OF SERVICE

The undersigned says that on February 8, 2024, she has caused to be served a copy of **Defendant Kilian Management Service's Answer to Plaintiff's First Amended Complaint, Limited Reliance Upon and Objection to Jury Demand and Affirmative Defenses and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

                s/ Kiersten Plane

{00116292.DOCX}                    4