UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

A.B.,

      Plaintiff,

v

KILIAN MANAGEMENT SERVICES, INC.,
a Wisconsin corporation; BRANDON PORTER,
an individual,

      Defendants.

Case No. 23-00023

Hon. Jane M. Beckering

| SALVATORE PRESCOTT PORTER & PORTER, PLLC<br>Jennifer B. Salvatore (P66640)<br>David L. Fegley (P85275)<br>Jessica Lieberman (P68957)<br>Attorneys for Plaintiff<br>105 East Main St.<br>Northville, MI  48167<br>(248) 679-8711<br>salvatore@spplaw.com<br>fegley@spplaw.com<br>lieberman@spplaw.com | STARR, BUTLER & STONER, PLLC<br>Joseph A. Starr (P47253)<br>Zeth D. Hearld (P79725)<br>Attorneys for Kilian Management Services<br>20700 Civic Center Dr., Ste. 290<br>Southfield, MI  48076<br>(248) 554-2700<br>jstarr@starrbutler.com<br>zhearld@starrbutler.com |
|---|---|

**DEFENDANT KILIAN MANAGEMENT SERVICES, INC.'S, MOTION TO SET ASIDE ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Kilian Management Services, Inc. ("Defendant") by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 60, respectfully move this Court to enter an Order setting aside the Order Granting Plaintiff's Motion for Partial Summary Judgment.

Pursuant to Local Rule 7.1(a), counsel for Defendant sought concurrence from Plaintiff's counsel as to the requested relief. Concurrence was not forthcoming.

{00120962.DOCX}

2

WHEREFORE, for the reasons stated in the attached brief, Defendant respectfully requests that this Honorable Court GRANT its Motion to Set Aside the Order Granting Plaintiff's Motion for Partial Summary Judgment.

                                                   STARR, BUTLER & STONER, PLLC

                                                   By:    s/ Zeth D. Hearld
                                                                 Joseph A. Starr (P47253)
                                                                 Zeth D. Hearld (P79725)
                                                                 Attorneys for Kilian Management Services
                                                                 20700 Civic Center Dr., Ste. 290
                                                                 Southfield, MI  48076
                                                                 (248) 554-2700
                                                                 jstarr@starrbutler.com
                                                                 zhearld@starrbutler.com

Dated:  May 15, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

A.B.,

      Plaintiff,                                    Case No. 23-00023

v                                                            Hon. Jane M. Beckering

KILIAN MANAGEMENT SERVICES, INC.,
a Wisconsin corporation; BRANDON PORTER,
an individual,

      Defendants.

| SALVATORE PRESCOTT PORTER & PORTER, PLLC | STARR, BUTLER & STONER, PLLC |
|---|---|
| Jennifer B. Salvatore (P66640) | Joseph A. Starr (P47253) |
| David L. Fegley (P85275) | Zeth D. Hearld (P79725) |
| Jessica Lieberman (P68957) | Attorneys for Kilian Management Services |
| Attorneys for Plaintiff | 20700 Civic Center Dr., Ste. 290 |
| 105 East Main St. | Southfield, MI  48076 |
| Northville, MI  48167 | (248) 554-2700 |
| (248) 679-8711 | jstarr@starrbutler.com |
| salvatore@spplaw.com | zhearld@starrbutler.com |
| fegley@spplaw.com | |
| lieberman@spplaw.com | |

**BRIEF IN SUPPORT OF DEFENDANT KILIAN MANAGEMENT SERVICES, INC.'S, MOTION TO SET ASIDE ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

{00120962.DOCX}

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES .................................................................................................. ii

STATEMENT OF ISSUES PRESENTED ........................................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................................ v

I. INTRODUCTION/FACTUAL BACKGROUND ................................................... 1

II. LAW AND ARGUMENT ......................................................................................... 2

    A. Defendant's Neglect is Excusable and There is No Prejudice to Plaintiff .............. 3

    B. Defendant Holds Meritorious Defenses to Plaintiff's Underlying Claims ............. 3

        1. Kilian Was Not Precluded from Relitigating the "Factual Underpinnings" of Plaintiff's Allegations ..................................................... 4

        2. Kilian Did Not Employ Porter as a Supervisor and Plaintiff's Perception that He was a Manager is Unreasonable .................................. 5

III. CONCLUSION .......................................................................................................... 8

CERTIFICATE OF COMPLIANCE .................................................................................... 10

# **INDEX OF AUTHORITIES**

**Cases:**

*Blonder–Tongue Laboratories, Inc v. Univ of Illinois Foundation,*
402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971)......................................................4

*Browne v. Signal Mount. Nursery, L.P.,*
286 F.Supp.2d 904, 912 (E.D.Tenn.2003)........................................................................................6

*Burlington Indus., Inc. v. Ellerth,*
524 U.S. 742, 759, 118 S. Ct. 2257, 2268, 141 L. Ed. 2d 633 (1998)...............................................5

*Cacevic v. City of Hazel Park,*
226 F.3d 483, 490 (6th Cir.2000) ......................................................................................................2

*In re Forfeiture of $1,159,420,*
194 Mich. App. 134, 145, 486 N.W.2d 326, 333 (1992)..................................................................4

*Lewis v. City of Detroit*,
No. 09-CV-14792, 2011 WL 2084067, at *3 (E.D. Mich. May 24, 2011).....................................4

*People v. Gates,*
434 Mich. 146, 154, 452 N.W.2d 627 (1990)..................................................................................4

*Peterson v. Heymes*,
931 F.3d 546, 554 (6th Cir. 2019) ....................................................................................................4

*Schaber-Goa v. Dep't of Rehab. & Correction,*
No. 3:03CV7524, 2005 WL 1223891, at *6 (N.D. Ohio May 23, 2005) .......................................6

*Stevens v. U.S. Postal Serv.*,
21 F. App'x 261, 263 (6th Cir. 2001)................................................................................................6

*Thomas v. Athlete's Foot*,
No. 10-12558, 2012 WL 3467410, at *9 (E.D. Mich. July 20, 2012), report and
recommendation adopted, No. 10-CV-12558, 2012 WL 3489984
(E.D. Mich. Aug. 14, 2012) ..........................................................................................................6, 8

*United States v. Reyes*,
307 F.3d 451, 455 (6th Cir. 2002) ....................................................................................................2

*Vance v. Ball State Univ.,*
570 U.S. 421, 424, 133 S. Ct. 2434, 2439, 186 L. Ed. 2d 565 (2013)..............................................5

*Wright v. AutoZone Stores, Inc.*,
951 F. Supp. 2d 973, 979 (W.D. Mich. 2013) .................................................................................7

*Yeschick v. Mineta*,
675 F.3d 622, 628–29 (6th Cir. 2012) ............................................................................................2

**<u>Federal Cases</u>:**

Fed. R. Civ. P. 60(b) ......................................................................................................................2

Fed. R. Civ. P. 60(b)(1)..................................................................................................................2

{00120962.DOCX}

## STATEMENT OF ISSUES PRESENTED

(1) Whether this Court set aside its Order granting Plaintiff's Motion for Partial Summary Judgment because the parties settled the case?

Defendant Answers: Yes.

Plaintiff Answers: No.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)

*Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000)

*Lewis v. City of Detroit*, No. 09-CV-14792, 2011 WL 2084067, at *3 (E.D. Mich. May 24, 2011)

Fed. R. Civ. P. 60

I.  INTRODUCTION/FACTUAL BACKGROUND

On March 29, 2024, Plaintiff filed a Motion for Partial Summary Judgment. ECF No. 79. Plaintiff's Motion sought summary judgment on the issue of liability as it related to Count I of Plaintiff's Amended Complaint, which alleged sex discrimination/hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). ECF No. 68. Plaintiff argued that the only issue to be decided by the jury was Plaintiff's alleged damages, because Defendant Kilian Management Services, Inc. ("Kilian") or ("Defendant") was precluded from relitigating the underlying allegations against Defendant Porter because he previously plead guilty to assault and defaulted in this matter. Plaintiff further argued that she reasonably perceived Porter to be a manager, and thus Kilian was vicariously liable for his alleged actions. Defendant's deadline to file a response to Plaintiff's Motion was April 29, 2024. Before and after Plaintiff filed the Motion, the parties were actively engaged in settlement discussions. <u>Indeed, on April 25, 2024, the parties agreed to terms for a confidential settlement agreement</u>. **(Exhibit A, Redacted E-mail Thread re: Settlement & Release).** As the parties had agreed to a binding settlement, Defendant drafted but did not file a Response to Plaintiff's Partial Motion for Summary Judgment by the April 29, 2024 deadline. Defendant's counsel mistakenly thought that Plaintiff's counsel contacted the court to inform it of the parties' settlement. Instead of filing a responsive brief, the parties began crafting a confidential settlement agreement. The parties are in the process of finalizing same. **(Ex. A, p. 1).**

On May 9, 2024, the Court entered an Opinion in Order granting Plaintiff's "unopposed" Motion for Partial Summary Judgment. The sole reason that Plaintiff's Motion was "unopposed" is because the parties had agreed to settlement. That same day, counsel for Defendant asked if Plaintiff's counsel would agree to a stipulated order requesting that the Court withdraw the Opinion in light of the parties' settlement. Plaintiff's counsel agreed to advising the Court of the

settlement, but declined to agree to a stipulated order, necessitating the instant motion. **(Ex. B, E-mail re: Order).** For the reasons set forth below, the Court should withdraw or vacate the Order granting Plaintiff's Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 60(b).

## II.     LAW AND ARGUMENT

Federal Rule of Civil Procedure 60(b) sets out the "Grounds for Relief from a Final Judgment, Order, or Proceeding." Under Fed. R. Civ. P. 60(b), the Court may "relieve a party or its legal representative from" an order due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). In regard to Rule 60(b)(1), a district court may vacate an order when a "party has made an excusable mistake[.]" *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)(citing *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000)). Court's must consider "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012)(citations omitted).

Excusable neglect relates to "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. (citation omitted). The Court must consider the following factors when analyzing whether the neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. (citation omitted). In this case, Defendant's failure to file a Response to Plaintiff's Motion for Partial Summary Judgment amounts to excusable neglect and the Order should be set aside.

2

{00120962.DOCX}

### A. Defendant's Neglect is Excusable and There is No Prejudice to Plaintiff

As noted, excusable neglect relates to "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. Defendant's conduct meets all the factors to establish excusable neglect. First, there is no prejudice to Plaintiff if the Court sets aside the Order Granting the Partial Motion for Summary Judgment—the parties have agreed to settle all claims. **(Ex. A).** Second, there is no delay by Defendant. The Court issued its Order on May 9, 2024, and Defendant filed the instant motion within a week. ECF No. 85. Moreover, there is no impact on judicial proceedings because the parties have settled the case and will enter a stipulated order of dismissal in the near future. Setting aside the Order will not cause any undue delay, impact any deadlines, or impact any trial dates. The parties will simply finalize their settlement, enter a dismissal order, and move on. Lastly, Defendant has acted in good faith. Defendant did not file a Response to Plaintiff's Motion because the parties had already agreed to a binding settlement. Moreover, Defendant's counsel mistakenly believed that Plaintiff's counsel notified the Court of the settlement.

### B. Defendant Holds Meritorious Defenses to Plaintiff's Underlying Claims

Plaintiff's Motion sought summary judgment solely regarding her Title VII sex discrimination/hostile environment claim. Plaintiff argued that Defendant Kilian was precluded from re-litigating the facts of Defendant Brandon Porter's alleged misconduct based on his criminal conviction under a cross-over estoppel theory and that the only issue to decide as it relates to a Title VII hostile work environment was the issue of respondeat superior liability. Plaintiff's argument hinged on her supposed "reasonable belief" that Porter—who was employed as an entry level crew member just like Plaintiff—was actually a supervisor. **(Ex. D, Porter Hiring Docs).** Defendant holds meritorious defenses to Plaintiff's claim and arguments. At the

3

very least, there is a question of fact as it relates to Plaintiff's "reasonable belief" and the estoppel arguments. The Order should be set aside.

### 1. *Kilian Was Not Precluded from Relitigating the "Factual Underpinnings" of Plaintiff's Allegations*

Plaintiff's Motion first argues that Kilian is precluded from Plaintiff further argues Kilian is precluded from relitigating the "factual underpinnings" of Plaintiff's allegations against Porter due to Porter's prior guilty plea to assault. ECF No. 79, PageID.778. Plaintiff overstates the application of Michigan's "crossover estoppel" theory. Under Michigan law "crossover estoppel precludes the re-litigation of an issue from a criminal proceeding in a subsequent civil proceeding, and vice versa." *Peterson v. Heymes*, 931 F.3d 546, 554 (6th Cir. 2019). For crossover estoppel to apply, it is "necessary to establish that the same parties were involved in both proceedings." *In re Forfeiture of $1,159,420*, 194 Mich. App. 134, 145, 486 N.W.2d 326, 333 (1992)(citing *People v. Gates,* 434 Mich. 146, 154, 452 N.W.2d 627 (1990)). One of the "critical factors in applying [crossover estoppel] is the determination of whether the respective litigants were parties or privy to a party to an action in which a valid judgment has been rendered." *People, supra* at 155-56. Further, the "Court must look at more than what has been pled and argued. [The Court] must also consider whether the party against whom collateral estoppel is asserted has had a full and fair opportunity to litigate the issue." *Id*. (emphasis added)(citing *Blonder–Tongue Laboratories, Inc v. Univ of Illinois Foundation,* 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). Michigan law also prohibits the "[o]ffensive use of nonmutual collateral estoppel[,]" i.e., situations where a "plaintiff seeks to avoid re-litigating an issue that was previously litigated successfully against a defendant or the defendant's privy." *Lewis v. City of Detroit*, No. 09-CV-14792, 2011 WL 2084067, at *3 (E.D. Mich. May 24, 2011)(attached as Exhibit C).

4

Here, Defendant Kilian was not involved in Porter's criminal prosecution in any capacity. It is unquestionable that Defendant Kilian did not have a "full and fair opportunity" to litigate the issue of Porter's alleged assault. Plaintiff has failed to identify any case law supporting the use of the crossover estoppel or collateral estoppel to preclude an employer from litigating the alleged misconduct of its former employees. As such, Defendant holds meritorious defenses as it relates to Plaintiff's cross-over estoppel argument. The Order granting Plaintiff's Motion for Partial Summary Judgment should be set aside.

### 2. *Kilian Did Not Employ Porter as a Supervisor and Plaintiff's Perception that He was a Manager is Unreasonable*

Plaintiff's Motion largely hinged on her argument that she "reasonably believed" Porter had supervisory authority and that Defendant Kilian is therefore vicariously liable for his alleged actions. ECF No. 79, PageID.779. Plaintiff's argument is without merit and directly contradicted by her testimony.

Apparent authority analysis applies only in the "unusual case" where "it is alleged there is a false impression that the actor was a supervisor, when he in fact was not[.]" *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759, 118 S. Ct. 2257, 2268, 141 L. Ed. 2d 633 (1998). The United States Supreme Court has clarified that a supervisor, for purposes of Title VII, is an individual that is "empowered by the employer to take tangible employment actions against the victim[.]" *Vance v. Ball State Univ.,* 570 U.S. 421, 424, 133 S. Ct. 2434, 2439, 186 L. Ed. 2d 565 (2013). Tangible employment actions include a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id*.

Further, the claimant's conclusion that the individual had apparent authority "must be a reasonable one." *Burlington, supra*. The alleged "victim's impression or conclusion, however,

must be that the purported supervisor was "<u>a person with immediate or successively higher authority over the employee who exercises significant control over the employee's hiring, firing, or conditions of employment.</u>" *Schaber-Goa v. Dep't of Rehab. & Correction,* No. 3:03CV7524, 2005 WL 1223891, at *6 (N.D. Ohio May 23, 2005)(emphasis added)(referencing *Browne v. Signal Mount. Nursery, L.P.,* 286 F.Supp.2d 904, 912 (E.D.Tenn.2003). The conclusion is only considered reasonable if the "co-worker exercised, or gave the impression that he had the power to exercise, some supervisory authority." *Id*.

The standard for determining whether an employee reasonably believed a coworker was actually a supervisor is high. For example, in *Schaber-Goa,* the plaintiff knew that her alleged harasser received a promotion. However, the promotion had yet to take effect, and would not take effect until after midnight on the day of the alleged harassment. *Id*. There was no evidence that the alleged harasser had acted towards the plaintiff in a supervisory capacity on the day of the alleged harassment. *Id*. Furthermore, the alleged harasser was wearing the uniform of a corrections officer, rather than that of a supervisor. *Id*. Thus, the Northern District of Ohio held that the plaintiff could not have reasonably believed the harasser was a supervisor on the day at issue.

Similarly, in *Stevens v. U.S. Postal Service*, the Sixth Circuit Court of Appeals held that the plaintiff's alleged harasser, had "informal supervisory duties." *Stevens v. U.S. Postal Serv.*, 21 F. App'x 261, 263 (6th Cir. 2001). <u>However, the alleged harasser did not have a "formal title of supervisor nor did he have the power to hire or fire" the plaintiff</u>. *Id*. Therefore, the alleged harasser could not be deemed a supervisor. *Id*. The "mere perception" that a coworker was actually a supervisor "is insufficient to justify a finding that this belief was *reasonable*." *Thomas v. Athlete's Foot*, No. 10-12558, 2012 WL 3467410, at *9 (E.D. Mich. July 20, 2012), report and recommendation adopted, No. 10-CV-12558, 2012 WL 3489984 (E.D. Mich. Aug. 14, 2012).

*Wright v. AutoZone Stores, Inc*., 951 F. Supp. 2d 973, 979 (W.D. Mich. 2013) is clearly distinguishable. In that case, the Western District granted the defendant employer's motion for summary judgment in part and denied it in part. *Id*. This Court denied the motion as it related to the defendant employer's potential vicarious liability related to an individual named Waldschmidt, who was Plaintiff's <u>direct supervisor</u>, and allegedly harassed the plaintiff. *Id*. The supervisor in *Wright* lacked authority to hire and fire but had "significant input into promotion and termination" decisions; abused authority in scheduling, administering discipline, and promoting employees; and influenced other employees to give "misleading statements" related to an investigation into his misconduct. *Id*. at 991. <u>There is no evidence that Porter had *any* of these abilities, or that Plaintiff believed he could terminate her employment, change her schedule, or even influence decisions related to her employment</u>. Regardless, the Court in *Wright* thus found that the defendant employer could be held liable based on agency principals The case does not analyze the "reasonable belief" argument set forth by Plaintiff in any meaningful capacity.

Here, Plaintiff failed to cite any evidence that she reasonably perceived Porter to be a supervisor. Plaintiff's Brief alleges she believed Porter was a manager because he had thumbprint access to the cash register to provide employee discounts. ECF No. 79, PageID.780.[1] This argument is unsupported by Plaintiff's testimony and was created whole cloth by counsel. <u>Indeed, Plaintiff admitted that "Lexi [Rundell] was the only manager" at the store on March 29, 2022</u>. **(Ex. E, Plaintiff's Dep. Trans., p. 75).** Plaintiff testified she possibly thought Porter was a manager <u>in training</u>; however, <u>she knew that a manager in training was *not* a manager and did</u>

---

[1] Plaintiff also relied on statements or offhand testimony from other witnesses after the fact, or evidence such as Porter's incomplete Swing Candidate form and employee codes, to support her "reasonable belief" argument. <u>There is no case law holding that a plaintiff can argue that the plaintiff reasonably believed a non-supervisor had management authority based on statements made by other witnesses, particularly statements made after the fact, or based on information learned in litigation/discovery</u>.

<u>not have the authority of a manager.</u> **(Ex. E, p. 75).** There is no evidence that Plaintiff believed Porter had any sort of managerial authority to "recommend tangible employment decisions affecting the employee" or that she believed he "had authority to direct [her] daily work activities." *Thomas, supra* (citing EEOC Guidelines at section III).

At most, Plaintiff testified Porter made general comments that he "was *going* to be" Rundell and/or Calkins' boss, not that he *was* their boss. **(Ex. E, p. 109, emphasis added).** She also believed Rundell was training Porter. **(Ex. E, p. 110-11).** Plaintiff testified she thought Rundell was training Porter to be a manager because she witnessed Rundell showing "him how upfront works and then the drive-thru, and then she would sometimes help him in the kitchen." **(Ex. E, p. 77).** However, Plaintiff also worked up front as well as in the drive-thru, and she testified Porter generally always worked in the kitchen area. **(Ex. E, pp. 60-61).** Based on Plaintiff's testimony, there was no reason to believe Rundell was training Porter—who had been employed for a month at the time—to be a manager given she witnessed Rundell training Porter (a crew member) in the same positions that Plaintiff (a crew member) also worked. It is illogical and unreasonable for Plaintiff, regardless of her age, to believe that Porter somehow had authority over the only manager present on March 29, 2022, or that he had any authority to hire fire, or discipline employees. There is no evidence that Porter used his non-existent, supposedly perceived authority in order to harass Plaintiff on March 29, 2022.

In short, Defendant holds meritorious defenses to Plaintiff's arguments that she reasonably perceived Porter to be a manager. But for the parties binding settlement, Defendant would have filed a Response and set forth its defenses, which would have at the very least created an issue of fact for the Court regarding Plaintiff's claims. The Court's Order Granting Plaintiff's Motion for Partial Summary Judgment should be set aside.

### III.  CONCLUSION

WHEREFORE, for the reasons stated in the attached brief, Defendant respectfully requests that this Honorable Court GRANT its Motion to Set Aside the Order Granting Plaintiff's Motion for Partial Summary Judgment.

<div style="text-align:right">

STARR, BUTLER & STONER, PLLC

By:   s/ Zeth D. Hearld
      Joseph A. Starr (P47253)
      Zeth D. Hearld (P79725)
      Attorneys for Defendant Kilian
      20700 Civic Center Dr., Ste. 290
      Southfield, MI  48076
      (248) 864-4942
      jstarr@starrbutler.com
      zhearld@starrbutler.com

</div>

Dated:  May 14, 2024

## CERTIFICATE OF COMPLIANCE

**Certificate of Compliance With Type-Volume Limitation,**

**Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of L. Civ. R. 7.3(b)(i) because this brief contains 2658 words, excluding the parts of the brief exempted by L. Civ. R. 7.3.

2. This brief complies with the typeface requirements of L. Civ. R. 7.3(b)(i) and the type style requirements of L. Civ. R. 7.3(b)(i) because this brief has been prepared in a proportionally spaced typeface using 12-point Times New Roman Font in the Word software program.

<div style="text-align:center">STARR, BUTLER & STONER, PLLC</div>

By: s/ Zeth D. Hearld
Joseph A. Starr (P47253)
Zeth D. Hearld (P79725)
Attorneys for Defendant Kilian
20700 Civic Center Dr., Ste. 290
Southfield, MI  48076
(248) 864-4942
jstarr@starrbutler.com
zhearld@starrbutler.com

Dated:  May 15, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

A.B.,

      Plaintiff,

v

KILIAN MANAGEMENT SERVICES, INC.,
a Wisconsin corporation; BRANDON PORTER,
an individual,

      Defendants.

Case No. 23-00023

Hon. Jane M. Beckering

| SALVATORE PRESCOTT PORTER & PORTER, PLLC | STARR, BUTLER & STONER, PLLC |
|---|---|
| Jennifer B. Salvatore (P66640) | Joseph A. Starr (P47253) |
| David L. Fegley (P85275) | Zeth D. Hearld (P79725) |
| Jessica Lieberman (P68957) | Attorneys for Kilian Management Services |
| Attorneys for Plaintiff | 20700 Civic Center Dr., Ste. 290 |
| 105 East Main St. | Southfield, MI 48076 |
| Northville, MI 48167 | (248) 554-2700 |
| (248) 679-8711 | jstarr@starrbutler.com |
| salvatore@spplaw.com | zhearld@starrbutler.com |
| fegley@spplaw.com | |
| lieberman@spplaw.com | |

## DEFENDANT KILIAN MANAGEMENT SERVICES, INC.'S, CERTIFICATE REGARDING EFFORTS TO OBTAIN COMPLIANCE PRIOR TO FILING MOTION TO SET ASIDE

Pursuant to Local Rule 7.1(d), Defendant Kilian Management Services, Inc. ("Defendant") by and through its undersigned counsel, made the following efforts to obtain Plaintiff's compliance prior to filing its Motion to Set Aside Order Granting Plaintiff's Motion for Partial Summary Judgment:

1. On May 9, 2024, Defendant's counsel asked if Plaintiff's counsel would agree to a stipulated order requesting that the Court withdraw or set aside its Order Granting Plaintiff's Motion for Partial Summary Judgment because the parties had agreed to settle the case prior to

{00120962.DOCX}

Defendant's deadline to file a Response brief and prior to the Court issuing its Order. Plaintiff's counsel advised they agreed with advising the Court of the settlement but would not agree to a stipulated order. As a result, counsel for Defendant advised Plaintiff's counsel a motion would be filed instead.

<div style="margin-left:auto">

STARR, BUTLER & STONER, PLLC

By:   s/ Zeth D. Hearld
     Joseph A. Starr (P47253)
     Zeth D. Hearld (P79725)
     Attorneys for Kilian Management Services
     20700 Civic Center Dr., Ste. 290
     Southfield, MI  48076
     (248) 554-2700
     jstarr@starrbutler.com
     zhearld@starrbutler.com

</div>

Dated:  May 15, 2024

**CERTIFICATE OF SERVICE**

The undersigned says that on May 15, 2024, she has caused to be served a copy of **Defendant Kilian Management Services, Inc.'s, Motion to Set Aside Order Granting Plaintiff's Motion for Partial Summary Judgment, Brief in Support of Motion, Certificate Regarding Efforts to Obtain Compliance Prior to Filing Motion to Set Aside and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

<div style="margin-left:auto">s/ Kiersten Plane</div>

2

{00120962.DOCX}