UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

A.B.,

    Plaintiff,

v.

KILIAN MANAGEMENT SERVICES, INC.
and BRANDON PORTER,

    Defendants.
_____/

Case No. 2:23-cv-23

HON. JANE M. BECKERING

**ORDER**

Pending before the Court is Defendant Kilian Management Services, Inc. (Kilian)'s "Motion to Set Aside Order Granting Plaintiff's Motion for Partial Summary Judgment" (ECF No. 88), which Plaintiff opposes (ECF No. 91).[1] For the following reasons, Defendant's motion is properly denied.

On March 29, 2024, Plaintiff filed a Motion for Partial Summary Judgment (ECF No. 79), seeking judgment as a matter of law in her favor on Kilian's liability on Count II, her Hostile Work Environment claim. Defendant Kilian does not dispute that it had 28 days in which to file a response. *See* W.D. Mich. LCivR 7.2(c). Kilian did not move for an extension or a stay of the deadline, nor did Kilian file any response to Plaintiff's motion. On May 9, 2024, having conducted

---

[1] Defendant Kilian has also since filed a "Motion for Leave to File a Reply Brief" (ECF No. 91). However, Kilian did not accompany its motion with a proposed reply brief for this Court's review as required by W.D. Mich. LCivR 5.7(f). In its discretion, W.D. Mich. LCivR 7.3(c), the Court denies its request for leave.

the review of the motion and record required by case law, the Court granted Plaintiff's Motion for Partial Summary Judgment (Memo. Op. & Order, ECF No. 85).

On May 15, 2024, Defendant Kilian filed the motion at bar (ECF No. 88), seeking to have this Court "set aside" its decision on Plaintiff's motion under Federal Rule of Civil Procedure 60(b)(1) for a "mistake" based on "excusable neglect" (*id.* at PageID.936–937). Specifically, Kilian indicates that it did not file a response to Plaintiff's motion because "the parties had agreed to a binding settlement" (*id.* at PageID.935). Kilian also asserts that it "holds meritorious defenses" to Plaintiff's motion (*id.* at PageID.937–942).

In response, Plaintiff argues that Kilian's failure to file a responsive brief to her motion does not constitute "excusable neglect" under Rule 60 (ECF No. 89 at PageID.987). Plaintiff also points out that to date, the parties have agreed to only "high-level terms" for a settlement (*id.* at PageID.988).

Defendant Kilian's reliance on Rule 60 is misplaced inasmuch as the rule governs "final" judgments or orders, and this Court's decision on Plaintiff's Motion for Partial Summary Judgment was not a final order but resolved only part of Plaintiff's Count II. Consequently, a Rule 60(b) analysis is not appropriate. Kilian's motion instead falls within this Court's discretion to reconsider any interlocutory matter. *See* FED. R. CIV. P. 54(b) ("any order … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Having reviewed the parties' submissions and being familiar with the case posture, the Court determines that such reconsideration is not justified. Defendant Kilian has not demonstrated any palpable defect nor

that a different disposition must result. *See generally* W.D. Mich. LCivR 7.4(a) (Motions for Reconsideration). Accordingly:

**IT IS HEREBY ORDERED** that Defendant Kilian's "Motion for Leave to File Reply" (ECF No. 91) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Kilian's "Motion to Set Aside Order Granting Plaintiff's Motion for Partial Summary Judgment" (ECF No. 88) is DENIED.

Dated: May 30, 2024   /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge